JOURNAL ENTRY and OPINION
Nicholas Brozovic appeals from the trial court's granting summary judgment in favor of defendant-appellee State Farm Fire Casualty Insurance Company (State Farm) regarding Brozovic's claim for uninsured/underinsured (UM/UIM) coverage under his parents' homeowner's insurance policy. We find no merit to the appeal and affirm the trial court's judgment.
Brozovic was seriously injured in an automobile accident on May 12, 1998 when he was a passenger in a vehicle driven by Walter Wyder. He collected the maximum provided by Wyder's insurance policy, but the amount was insufficient to cover his damages. Brozovic therefore presented a claim to State Farm under his parents' homeowner's policy in an attempt to recover his remaining damages. State Farm refused to provide coverage under the homeowner's policy, arguing that motor vehicle accidents by a family member were specifically excluded.
Brozovic filed a complaint for declaratory judgment against State Farm requesting the trial court to order State Farm to provide coverage under the homeowner's policy. Both parties filed cross-motions for summary judgment. The trial court granted State Farm's motion for summary judgment, and Brozovic appeals, raising two assignments of error.
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE AND DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT, AS APPELLANT IS ENTITLED TO UNDERINSURED MOTORIST COVERAGE UNDER THE POLICY ISSUED TO HIS PARENTS, DARKO AND KATICA BROZOVIC.
The relevant policy language states as follows:
 SECTION II — LIABILITY COVERAGES COVERAGE L — PERSONAL LIABILITY If a claim is made or suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
 1. pay up to our limit of liability for the damages for which the insured is legally liable; * * *
(State Farm Policy, page 15). The exclusions to the liability coverage state:
SECTION II-EXCLUSIONS
1. Coverage L and Coverage M do not apply to:
* * *
 e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:
* * *
 (2) a motor vehicle owned or operated by, or rented or loaned to an insured.
* * *
 This exclusion does not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured.
(State Farm Policy, pages 16-17).
Brozovic argues that UM/UIM coverage should be provided under his parents' homeowner's insurance policy based on R.C. 3937.18, which states, in pertinent part, that:
 No automobile liability or motor vehicle liability policy of insurance * * * shall be delivered or issued unless * * * the following coverages are offered to persons insured under the policy due to bodily injury or death suffered by such insureds:
* * *
 (2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.
Brozovic relies on R.C. 3937.18 and Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541, in arguing that because the policy provides coverage for use of a motor vehicle by residence employees, State Farm must provide UM/UIM coverage under his parents' homeowner's policy. Selander held that:
 the provisions of R.C. 3937.18 apply to a policy of primary insurance which provides coverage for claims of liability arising out of the use of hired or non-owned automobiles, but is not issued for delivery with respect to [a] particular motor vehicle.
However, as stated by the Ohio Supreme Court in Davidson v. Motorists Mutual Ins. Co. (2001), 91 Ohio St.3d 262, 744 N.E.2d 713:
 [W]e never intended Selander to be used to convert every homeowner's policy into a motor vehicle liability policy whenever any incidental coverage is afforded for some specified type of motorized vehicle. See Davis and Hillyer, citing Davidson 91 Ohio St.3d at 268.
In regard to the coverage for residence employees, this same issue was recently determined by this court in Davis v. Shelby Ins. Co. (June 14, 2001), Cuyahoga App. No. 78610, unreported, and Hillyer v. State Farm Fire Casualty Co. (Aug. 21, 2001), Cuyahoga App. No. 79176, unreported. This court in Hillyer analyzed the identical policy language and found that it is clear that the policy is intended to exclude any coverage for bodily injury occurring in an automobile accident to the insured or his family members. The sole exception to this broad exclusion is coverage provided to a residence employee in the course and scope of that employee's employment. Because Brozovic is not an employee of the residence, he cannot obtain coverage under his parents' homeowner's policy for injuries incurred as a result of an automobile accident.
Brozovic's first assignment of error is overruled.
 II. WHETHER A POLICY OF HOMEOWNER'S INSURANCE THAT CONTAINS AUTOMOBILE LIABILITY COVERAGE IS SUBJECT TO THE TWO YEAR GUARANTEED POLICY PERIOD MANDATED BY R.C. 3937.31 AND WOLFE v. WOLFE (2000), 88 OHIO ST.3d 246.
Given our disposition of the first assignment of error, this assignment of error is moot. App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and TERRENCE O'DONNELL, J., CONCUR